IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CASE NO. CR413-163 |
| ) | |
| ANTONIO LAMAR HAMPTON,   ) | |
| ) | |
| Defendant.               ) | |

## O R D E R

Before the Court is Defendant Antonio Lamar Hampton's Motion Seeking to be Awarded Jail Time Credit (Doc. 136), which the Government has opposed (Doc. 137). After careful consideration, Defendant's motion (Doc. 136) is **DISMISSED**.

### BACKGROUND

In March 2014, Defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (Doc. 114.) Defendant was sentenced to 117 months' imprisonment. (Doc. 130 at 2.) The Court also recommended that "the defendant be credited for all time served from March 28, 2013, until October 30, 2013. . . ." (Id.) Relevant to this order, it appears that Defendant's probation was revoked on a state court charge on August 9, 2013, and the time remaining on that sentence was four months and eight days. (Doc. 136 at 15-17.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently

incarcerated at Federal Correctional Institution ("FCI") Williamsburg located in Salters, South Carolina, with a projected release date of February 19, 2024. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov./inmateloc/ (last visited Apr. 5, 2023).

## ANALYSIS

Defendant claims that the BOP failed to properly credit him for time served while in custody. (Doc. 136 at 6-8.) Specifically, Defendant believes he is entitled to receive credit for all time served from March 28, 2013, through October 30, 2013, in accordance with the Court's recommendation, and the BOP has only credited him for time from August 5, 2013, through October 30, 2013. (Id. at 6.) Defendant asks the Court to "exercise its authority and award Defendant the 4 months and 8 days credit that Bureau staff does not have the authority to so award." (Id.) He also asks the Court to order the BOP, "as opposed to what was merely recommended in [the] [j]udgment[,]" to award him credit for all time served during this period. (Id. at 9.)

In response, the Government concedes that Defendant has exhausted his administrative remedies. (Doc. 137 at 2.) Nevertheless, the Government argues that the Court is not authorized to calculate the amount of time served. (Id.) For the following reasons, the Court finds Defendant's motion is due to be dismissed.

First, "[a]s a general rule, district courts 'may not modify a term of imprisonment once it has been imposed.' " United States v. Roberson, 746 F. App'x 883, 886 (11th Cir. 2018) (per curiam) (citing 18 U.S.C. § 3582(c)). To the extent Defendant seeks to amend his federal sentence (Doc. 136 at 9), "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (evaluating whether a defendant's request to modify his sentence was cognizable under a different statutory structure). In this case, Defendant's motion does not fit within any of the circumstances authorizing sentence modification under 18 U.S.C. § 3582 or Rule 35 of the Federal Rules of Criminal Procedure. Accordingly, to the extent Defendant asks the Court to modify its final judgment, Defendant's motion (Doc. 136) is **DISMISSED** for lack of jurisdiction.[1]

---

[1] Defendant briefly requests that the Court order the BOP award him credit pursuant to U.S.S.G. § 5G1.3. (Doc. 136 at 9.) Defendant's argument is unavailing because "[U.S.S.G. § 5G1.3's] application is for the federal sentencing court at the time of sentencing." United States v. Beamon, No. CR 405-007, 2016 WL 4098593, at *1 (S.D. Ga. July 28, 2016) (emphasis omitted). U.S.S.G. § 5G1.3 "does not provide any jurisdictional grounds . . . to challenge [a] sentence" and was "not intended to operate as an avenue for prisoners to seek relief after a sentence has been imposed." United States v. Pettiford, No. 7:04-CR-1 HL, 2011 WL 5910509, at *1, *2 (M.D. Ga. Nov. 28, 2011); see also Middleton v. Ormond, No. 6:20-CV-66-JMH, 2022 WL 1308808, at *3 (E.D. Ky. May 2, 2022) ("As this Court (and many others) have repeatedly made clear, a reduction in sentence pursuant to U.S.S.G.

3

Second, the BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("[T]he Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); Roberson, 746 F. App'x at 885 ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts." (citation omitted)). Additionally, "[g]ranting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review." United States v. Martin, 362 F. App'x 69, 70 (11th Cir. 2010) (per curiam).

Even if a defendant exhausts his administrative remedies, the proper procedure for a defendant to mount a judicial challenge to the BOP's decision is to file a civil action under 28 U.S.C. § 2241 in the district of his confinement. See United States v. Lassiter, 812 F. App'x 896, 900 (11th Cir. 2020) (per curiam) ("Although the district court for the Southern District of Alabama had sentenced Appellant, it had no jurisdiction to entertain his § 2241 petition for sentencing credit when Appellant was incarcerated in another

---

§ 5G1.3 . . . must be effected by shortening the defendant's sentence at the time of sentencing.").

4

district."); United States v. Polite, No. CR 418-085, 2021 WL 219422, at *1 (S.D. Ga. Jan. 21, 2021) ("Only 'after the exhaustion of administrative remedies' may a claim for credit for time served be brought under 28 U.S.C. § 2241." (quotation omitted)). At this time, Defendant is incarcerated at FCI Williamsburg in Salters, South Carolina. Thus, if Defendant wishes to challenge the BOP's calculation of his sentence, Defendant must file a § 2241 petition for sentencing credit in the United States District Court for the District of South Carolina. As a result, Defendant's motion challenging the BOP's calculation of his time-served credit (Doc. 136) is **DISMISSED** on this ground as well.

SO ORDERED this 10th day of April 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA